# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | Case No. 1:19-cv-00051-JLT (HC) <br><br> FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS <br><br> ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE <br><br> [TWENTY-ONE DAY OBJECTION DEADLINE] |

On December 13, 2018, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. Petitioner brought challenges to a 1983 conviction sustained in Los Angeles County Superior Court and a 2010 conviction sustained in Kings County Superior Court. The Central District severed the allegations concerning the 2010 conviction and transferred the matter to this Court. Because the petition is successive, the Court will recommend it be **DISMISSED**.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

1 A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

As previously noted, Petitioner challenges a 2010 conviction sustained in Kings County Superior Court. Petitioner previously sought federal habeas relief in this Court with respect to the same conviction. See Broussard v. Diaz, Case No. 1:12-cv-01040-LJO-MJS (HC). In that case, the petition was dismissed for failure to state a cognizable claim. Petitioner had been granted leave to file an amended petition, but he failed to do so and the action was terminated. Id. The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See Graham v. Costello, 299 F.3d 129, 133 (2d Cir. 2002) (second petition deemed successive where first petition denied on ground that claim was not cognizable); see also Garcia v.

Superintendent of Great Meadow Correctional Facility, 841 F.3d 581, 583–84 (2d Cir. 2016). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 16, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3